UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-473 CAS |
| | ) |
| DONALD RASCH, and, | ) |
| BIRON A. VALIER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Gallery of the Masters, Inc. d/b/a Kodner Gallery ("Kodner") to be recognized as a victim within the context of the restitution order. The government opposes the motion and Kodner has filed a reply. The Court will deny the motion for the reasons set forth below.

Codefendants Donald Roland Rasch and Biron Allen Valier pleaded guilty to conspiracy to transport stolen property in interstate commerce. This Court sentenced defendant Rasch to a term of two years imprisonment, three years supervised release, and mandatory restitution of $1,194,410 dollars. Defendant Valier was sentenced to ninety days imprisonment, three years supervised release, and mandatory restitution of $1,194.410 million dollars. Restitution was ordered payable to Dr. David and Mrs. Diane Harter, two victims of the defendants' criminal activity.

Kodner now moves "to be recognized as a victim within the context of order of restitution as part of sentencing." In support, Kodner asserts that the government advised them that they were being designated a "victim" of defendant Valier, and that Kodner reconciled and settled financially with subsequent gallery owners who had purchased the art from Kodner, and as part of the reconciliation and settlement process, Kodner paid the subsequent gallery owners hundreds of

thousands of dollars. Kodner cites May 25, 2005 correspondence from the FBI which, *inter alia*, refers to Kodner as being a possible victim of a federal crime. The correspondence further cites their rights under 18 U.S.C. 3771. Kodner further notes that in September 7, 2005 correspondence, the AUSA advised Kodner through counsel that she had forwarded a copy of Kodner's prior correspondence concerning restitution to the Probation Office who would collect information regarding restitution and write their Presentence Report ("PSR") for the Court prior to sentencing. Shortly thereafter Kodner received a Declaration of Victim losses form which Kodner executed and forwarded to the probation officer.

Kodner notes that at sentencing, no mention was made of Kodner as a victim or as a party entitled to share in the restitution to have then to date been paid by defendant Valier. Kodner further notes that the restitution paid to date, $467,000.00 is virtually the same figure as the total loss delineated by Kodner in its Victim Loss Declaration. Kodner notes that upon inquiry with the AUSA assigned tot his case, Kodner was advised that the government had named the Harters as a victim; that Kodner had not been named as a victim; and as such Kodner was not entitled to any portion of restitution. Kodner complains that at no time prior to sentencing was it notified by any representative of the government that its status as a registered victim would not be recognized.         The government opposes the motion, arguing (1) Kodner lacks standing to request the Court to amend the judgment and order of restitution; (2) there is no statutory jurisdiction to available to grant the relief Kodner is requesting; (3) even if Kodner is declared a "victim," as defined by statute, the facts and circumstances show Kodner is not entitled to restitution.

This Court concludes Kodner Gallery does not have standing to challenge the restitution order and therefore, its motion must be denied. A private citizen generally lacks standing "to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with

prosecution." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Likewise, a crime victim does not have standing to appeal a district court's restitution order. United States v. Mindel, 80 F.3d 394, 397-98 (9th Cir.1996); United States v. Johnson, 983 F.2d 216, 217 (11th Cir.1993); but see United States v. Perry, 360 F.3d 519, 530-33 (6th Cir.2004) (holding that a crime victim had standing to challenge the district court's release of a judgment lien obtained against the defendant).

Kodner Gallery is not a party to this case and has no standing to seek the relief it is requesting. The Court also notes, however, that Kodner may seek to secure a civil judgment for its purported losses. Finally, Kodner asserts in its reply that "this Court specifically left open for further evaluation and consideration the restitution issue and amount." The Court has reviewed the portions of the sentencing transcripts referred to by Kodner in its motion and notes that any references to possible changes in restitution did not concern Kodner. The Court need not discuss the other arguments addressed in the parties' briefs.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Gallery of the Masters, Inc. d/b/a Kodner Gallery to be recognized as a victim within the context of the order of restitution as part of sentencing is **DENIED.** (Doc. 31.)

*[signature]*

    **CHARLES A. SHAW**
    **UNITED STATES DISTRICT JUDGE**

Dated this 6th day of January, 2006.